**Lyle RED BIRD et al., Plaintiffs,**

v.

**William A. BERRY, Justice, et al.,
Defendants.**

**No. 73–19–D Civil.**

United States District Court,
W. D. Oklahoma,
Civil Division.

May 17, 1973.

See also, D.C., 371 F.Supp. 730.

**728**

Vincent L. Knight, Oklahoma City, Okl., Richard L. Young, Albuquerque, N. M., for plaintiffs.

Larry Derryberry, Atty. Gen., Paul C. Duncan, Robert H. Mitchell, Oklahoma City, Okl., for defendants.

---

1. This Statute reads:
"§ 18. Meeting for selection of jurors Between the tenth and twenty-fifth of November of each year, the County Treasurer or one of his deputies, together with the County Assessor or one of his deputies, together with the Sheriff or one of his deputies, and the County Clerk or one of his deputies, shall meet at the Courthouse of their County in the office of the

## ORDER

DAUGHERTY, Chief Judge.

The Court has under consideration the Defendants' Motion To Dismiss. The Plaintiffs oppose the Motion. All parties have submitted legal briefs.

Defendants' Motion is based on alleged (1) judicial immunity from suit, (2) Plaintiffs' failure to exhaust available State remedies, and (3) a request that this Court abstain.

The complaint raised herein by Plaintiffs is that they and their class are being systematically discriminated against in State juror selection because they own and live on tax-exempt land and by reason thereof are not subject to jury call. The principal relief Plaintiffs seek is,

". . . enjoining defendants and their agents from continuing to use 38 O.S.A. § 18 as the sole or primary criterion for the composition of juries in the Oklahoma State Courts, and affirmatively ordering defendants promptly to adopt and enforce jury selection procedures which will ensure that Indians are fairly represented on state court juries in every county in Oklahoma;"

Primary to the grounds raised by the Defendants for dismissal is the all too obvious fact that Plaintiffs have not sued the proper parties for the relief they seek.

Aside from the fact that Plaintiffs' attack on 38 Oklahoma Statutes § 18 [1] as being unconstitutional on its face as to them and their class is utterly without merit as the Court has heretofore pointed out in this case, Plaintiffs in the relief they seek have overlooked the fact that 38 Oklahoma Statutes § 18

County Clerk and select from the list of qualified jurors, as prescribed by this chapter, of such county as shown by the tax lists in County Assessor's office for the current year, all qualified jurors for service in the District, Superior, Common Pleas and County Courts of such County for the ensuing year in the manner hereinafter provided."

and related juror selection statutes are legislative, not judicial enactments. The legislative body determines the qualifications of jurors and the method of their selection. The doctrine of the separation of the powers of government is so fundamental that citation is unnecessary. This Court therefore is not empowered to order the Defendant Justices of the Oklahoma Supreme Court to adopt different juror selection procedures from those enacted by the Oklahoma State Legislature and which are not unconstitutional on their face as claimed by Plaintiffs.

The Defendants are officers of the State of Oklahoma but they are not, as required by 28 U.S.C. §§ 2281 and 2284, the officers charged with the execution of the challenged statute and 68 Oklahoma Statutes § 2472 which is related thereto. By law, under 68 Oklahoma Statutes § 2472 the County Assessor of a county, not the Justices of the Oklahoma Supreme Court, is charged with preparing the tax rolls in his county and by 68 Oklahoma Statutes § 2472(e) [2] the County Assessor is charged specifically by law with listing on such tax rolls the names of owners of all real property which is exempt from taxation. By law, under 38 Oklahoma Statutes § 18, the County Treasurer or one of his deputies, together with the County Assessor or one of his deputies, together with the Sheriff or one of his deputies, and the County Clerk or one of his deputies, and the Court Clerk or one of his deputies, are charged with selecting the qualified jurors for each county from the tax lists in the County Assessor's office for the current year. The Justices of the Oklahoma Supreme Court do not select the qualified jurors who will serve from the tax lists in a County Assessor's office. Plaintiffs as owners of tax exempt property are not disqualified as jurors. See 38 Oklahoma Statutes § 28 for the qualifications of jurors as fixed by the Oklahoma Legislature.

As early as 1899, in Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 wherein the Plaintiffs attacked the constitutionality of a state statute and the Court sustained an order dismissing the Attorney General of the state as a party defendant, Mr. Justice Harlan, speaking for a unanimous Court said:

"In the present case, as we have said, *neither of the state officers named held any special relation to the particular statute alleged to be unconstitutional. They were not expressly directed to see to its enforcement.* If, because they were law officers of the state, a case could be made for the purpose of testing the constitutionality of the statute, by an injunction suit brought against them, then the constitutionality of every act passed by the legislature could be tested by a suit against the governor and the attorney general, based upon the theory that the former as the executive of the state was, in a general sense, charged with the execution of all its laws, and the latter, as Attorney General, might represent the State in litigation involving the enforcement of its statutes. p. 530, 19 S.Ct. p. 274 [Emphasis supplied]"

Ten years later, in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1909) Mr. Justice Peckham, speaking for the Court quoted the foregoing language from *Fitts, supra,* and said:

"In making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional it is plain that such officer must have some connection with the enforcement of the act. . . . p. 157, 28 S.Ct. p. 453."

Also see Application of Camacho v. Rogers, Governor Rockefeller et al., 199 F.Supp. 155 (D.C.S.D.N.Y., 1961); Johnson et al. v. Robinson et al., 296 F.Supp. 1165 (D.C.E.D.Ill., 1969), aff'd, 394 U.S. 847, 89 S.Ct. 1622, 23 L.Ed.2d 30; McCrimmon et al. v. Daley et al., 418 F.2d

2. This Statute reads:
"(e) All real property which is exempt from taxation shall be listed in the tax rolls, with the name of the owner, in all respects as if the same were taxable but with the reason for the exemption noted thereon across the columns where otherwise the tax would have been entered."

**730**

367 (Seventh Cir. 1969) ; Committee for Public Education, etc. v. Rockefeller, Governor of State of New York et al., 322 F.Supp. 678 (D.C.S.D.N.Y., 1971).

 As the Statutes involved are enactments of the Oklahoma State Legislature, and not of the Defendants, as they are not unconstitutional on their face as claimed by the Plaintiffs, as the Defendants neither prepare the tax rolls nor select the jurors therefrom in any county and thus have no connection with the enactment or execution of the Statutes, it follows they are not proper party Defendants herein. If those state officers responsible for the preparation of the tax rolls in the counties involved or those state officers responsible for selecting jurors from such tax rolls are systematically discriminating against Plaintiffs and the class they represent, as claimed by the Plaintiffs, in the execution of the Statutes involved, then they are the ones that Plaintiffs should sue for the claimed systematic discrimination against them for state jury service.

Plaintiffs have not stated a claim for which they are entitled to relief against Defendants, the Justices of the Oklahoma Supreme Court, and their action is therefore dismissed this 17th day of May, 1973.

See also, D.C., 371 F.Supp. 727.